**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 05 B 21479 |
| ) | Chapter 13 |
| JOHN DEVOE, SR., ) | Judge John H. Squires |
| ) | |
| Debtor. ) | |
| _____ ) | |
| JOHN DEVOE, SR., ) | Adversary No. 07 A 00657 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NETTIE M. HARRIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of John DeVeaux, as administrator of the Estate of John Devoe (the "Plaintiff"), for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 on the complaint filed by the Plaintiff against Nettie M. Harris (the "Defendant") to avoid a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and (B). For the reasons set forth herein, the Court denies the motion. Concurrently entered herewith is the Court's Preliminary Pretrial Order that sets this matter for a pretrial conference on February 27, 2008 at 11:00 a.m.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O).

## II. FACTS AND BACKGROUND

John Devoe, Sr. (the "Debtor") filed a voluntary Chapter 13 bankruptcy petition on May 27, 2005. An amended plan was confirmed on July 20, 2005, and the case is pending. The Debtor died on August 16, 2006. (Compl. Ex. A.) Thereafter, on April 24, 2007, the Plaintiff was appointed as the independent administrator of the Debtor's probate estate. (*Id.*)

On July 25, 2007, the Plaintiff filed the instant adversary proceeding against the Defendant. In the complaint, the Plaintiff alleges that the Defendant is the niece of the Debtor. (Compl. ¶ 5.) According to the Plaintiff, the Defendant and her husband moved into the Debtor's home while he was terminally ill. The Debtor was purportedly medicated heavily and in and out of consciousness. During the Defendant's stay with the Debtor, the Debtor executed a quit claim deed on August 15, 2006, the day prior to his death, which conveyed his residence to the Defendant and himself as joint tenants. (Compl. Ex. B.) The Plaintiff alleges that such conveyance was fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A) and (B).

The Plaintiff filed the motion for summary judgment on November 8, 2007. The motion does not reference § 548(a). Rather, the Plaintiff alleges that the transfer of the Debtor's real property violates 11 U.S.C. § 363(e). The motion also cites to § 363(b), (d),

-3-

(f), and (l). Further, the Plaintiff states in the motion that the Debtor's real property was property of the estate under 11 U.S.C. § 541 and that such property remained property of the estate under 11 U.S.C. § 1306. The Plaintiff contends that as property of the estate, it could only be conveyed or transferred with permission of the Court.

Attached to the motion is an affidavit from the Plaintiff which states, among other things, that he is the son of the Debtor, and was appointed administrator of the Debtor's probate estate. (Pl. Aff. ¶¶ 1 & 2.) The Plaintiff avers that the Debtor was 77 years old when he filed the bankruptcy case, and suffered from emphysema, asthma, and congestive heart failure. (*Id.* ¶ 16.) Nevertheless, the Plaintiff contends that the Debtor was capable of handling his affairs. (*Id.*) The Plaintiff submits that in May of 2006, the Debtor's health declined and he was placed on morphine. (*Id.* ¶ 18.) Further, the Plaintiff avers that at no time prior to his death did the Debtor discuss giving away his home. (*Id.* ¶¶ 19 & 22.) According to the Plaintiff, the Debtor knew that the property could not be transferred without the permission of the Court. (*Id.* ¶ 23.) Finally, the Plaintiff states that the signature on the quit claim deed that conveys the Debtor's real property to the Defendant and the Debtor as joint tenants is not the Debtor's signature. (*Id.* at ¶ 24; Ex. H.)

The Court afforded the Defendant until December 5, 2007 to respond to the motion. She did not file a response to the motion on that date. Instead, she filed a motion seeking a fourteen day extension of her time to respond.

-4-

## III. DISCUSSION

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c). *See also Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1019 (7th Cir. 2003).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir. 1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmen's Fed. Savs. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party

-5-

must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van*

-6-

*Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56(c)). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990). The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial.

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.

Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered

-7-

paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B.

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B.

In the instant matter, the Plaintiff failed to file a 7056-1 statement of material facts as to which he contends there is no genuine issue of fact. This is fatal to his motion. The Seventh Circuit Court of Appeals has upheld strict application of local rules regarding motions for summary judgment. *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1139-40 (7th Cir. 1997); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277-78 (7th Cir. 1996); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938 (7th Cir. 1993); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *Maksym v. Loesch*, 937 F.2d 1237, 1240 (7th Cir. 1991). Compliance with Local Rule 7056 is not a mere technicality. *See Am. Ins. Co. v. Meyer Steel Drum, Inc.*, No. 88 C 0005, 1990 WL 92882, at *7 (N.D. Ill. June 27, 1990). Courts rely

-8-

greatly on the information presented in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *Id.* The statements required by Rule 7056 are not merely superfluous abstracts of evidence. Rather, they

> are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

As Local Bankruptcy Rule 7056-1B specifically provides, the movant's failure to file a statement of material facts is grounds for denial for the motion. *See Deberry v. Sherman Hosp. Assoc.*, 769 F. Supp. 1030, 1033 n.2 (N.D. Ill. 1991). The rigorous requirements of the Rule are not arbitrary or petty, but rather were enacted in order to aide the Court in ascertaining the factually supported claims from those which are defenseless. *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103-04 (7th Cir. 1990). Based on Local Bankruptcy Rule 7056-1B and the applicable case law, the Court denies the Plaintiff's motion for failure to comply with the procedural requirements of the Rule.

Even if the Court was not compelled to deny the motion for summary judgment based on the Plaintiff's failure to file the requisite Rule 7056-1 statement, the motion must be denied on several other grounds. First, the motion fails to allege or demonstrate the necessary elements to sustain a claim under § 548(a)(1)(A) or (B). Even if it did, § 548 does not apply to post-petition transfers of property. "Section 548 of the Bankruptcy Code enables a trustee to avoid certain *pre-petition* transfers of property on the ground that the transfers

-9-

were fraudulent." *Schechter v. 5841 Bldg. Corp. (In re Hansen)*, 341 B.R. 638, 642 (Bankr. N.D. Ill. 2006) (emphasis supplied). The transfer of the Debtor's real property in the instant matter occurred on August 15, 2006, over one year after the Debtor filed his bankruptcy petition. Thus, the Plaintiff invokes the wrong Bankruptcy Code section in his complaint, and fails to invoke 11 U.S.C. § 549 which applies to post-petition transactions.

Second, the Plaintiff invokes § 363(e) in the motion and contends that the Debtor's conveyance of the real property to the Defendant did not provide "adequate protections" to entities that had an interest. However, the Plaintiff does not further elaborate or explain in the motion what these "adequate protections" are or how they are lacking. His failure to do so results in the forfeiture of the point. *See LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 921 (7th Cir. 1997); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990). Certainly, the Plaintiff fails to establish that there are no genuine issues of material fact and that as a matter of law he is entitled to summary judgment.

Further, Federal Rule of Bankruptcy Procedure 7017(b), which incorporates by reference Federal Rule of Civil Procedure 17, states that the law of the state in which the district court is held determines the capacity to sue or be sued. FED. R. BANKR. P. 7017(b). A decedent's estate lacks the capacity to sue or be sued in Illinois. *Brown v. Anselme (In re Polo Builders, Inc.)*, 374 B.R. 638, 642 n.4 (Bankr. N.D. Ill. 2007) (*citing In re Marriage of Schauberger*, 624 N.E.2d 863, 866 (Ill. App. Ct. 1993)). The summons served on the Defendant in this matter references the deceased Debtor as the party plaintiff. The caption on the complaint, however, names the Debtor's estate as the plaintiff in this adversary proceeding. Moreover, the body of the complaint states that John DeVeaux, as administrator

-10-

of the Debtor's estate, is the plaintiff, and the deceased Debtor certainly is not the proper plaintiff.

The above recitation represents yet another reason this motion for summary judgment must be denied. The administrator of the Debtor's probate estate, John DeVeaux, is the proper party plaintiff in this matter. The Debtor's estate lacks standing under Illinois law to be the proper party plaintiff, and the deceased Debtor certainly is not the proper plaintiff.

Finally, the Plaintiff avers in his affidavit that the signature affixed to the deed transferring the property from the Debtor to the Defendant is not the Debtor's signature. (Pl. Aff. ¶ 24.) This averment demonstrates a material issue of fact that itself precludes the entry of summary judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court denies the Plaintiff's motion for summary judgment. Concurrently entered herewith is the Court's Preliminary Pretrial Order that sets this matter for a pretrial conference on February 27, 2008 at 11:00 a.m.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: 12/12/7

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

**John Devoe, Sr. v. Harris**
**Adversary Case No. 07 A 00657**

Glenda J. Gray, Esq.
Law Offices of Glenda J. Gray
330 North Wabash Ave.
Suite 2618
Chicago, IL 60611

Nettie M. Harris
1758 East 74th Street
Chicago, IL 60649

Marilyn O. Marshall
Chapter 13 Trustee
224 South Michigan
Suite 800
Chicago, IL 60604

## SERVICE LIST

**John Devoe, Sr. v. Harris**
**Adversary Case No. 07 A 00657**

Glenda J. Gray, Esq.
Law Offices of Glenda J. Gray
330 North Wabash Ave.
Suite 2618
Chicago, IL 60611

Wayne D. Rhine, Esq.
Friedman & Wexler, LLC
500 W. Madison Street
Suite 2910
Chicago, IL 60661

Keisha Hooks, Esq.
Office of Marilyn O. Marshall
224 South Michigan
Suite 800
Chicago, IL 60604